# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Franklin Dash, Debbie Dash, ) | |
| ) | Civil Action No. 5:12-cv-02732-JMC |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Selective Insurance Company of South ) | |
| Carolina, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiffs' Post-Trial Motion for JNOV, Remittar, and/or Additur to the Jury Verdict (ECF No. 158). For the reasons set forth herein, the court thereby **DENIES** Plaintiffs' Motion (ECF No. 158).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 16, 2011, a fire damaged Plaintiffs' home in St. Matthews, South Carolina. (ECF No. 1 at 1.) Plaintiffs filed their Complaint on September 20, 2012, alleging breach of contract and bad faith by Defendant. (ECF No. 1.) On May 19, 2015, the court granted in part and denied in part Defendant's January 15, 2015 Motion for Summary Judgment (ECF No. 79), granting summary judgment for Defendant on the bad faith claim, but allowing the breach of contract claim to go forward. (ECF No. 121.) On June 1, 2015, the court granted Defendant's Motion for Leave to Amend Answer (ECF No. 119), allowing Defendant to add four counterclaims against Plaintiffs: (1) breach of contract, (2) breach of contract accompanied by fraud, (3) fraud, and (4) unjust enrichment, alleging Plaintiffs improperly used funds allocated for dislocation costs due to loss of use of their home. (ECF No. 126.)

The parties went to trial July 20-22, 2015, with the jury finding for Defendant on the

1

breach of contract claim. (ECF No. 154 at 1.) Further, the jury found for Defendant on the counterclaims for breach of contract, breach of contract accompanied by fraud, and unjust enrichment. (*Id.* at 2-3, 5.) The jury found for Plaintiffs on the counterclaim for fraud. (*Id.* at 4.) The jury awarded Defendant $0 in actual damages on the breach of contract counterclaim, $7,150 in actual damages for the breach of contract accompanied by fraud counterclaim, and $5,000 in damages on the unjust enrichment counterclaim.[1] (*Id.* at 2-3, 5.) No punitive damages were awarded. (*Id.* at 2-4.)

Plaintiffs filed the instant motion on July 26, 2015, requesting the court enter judgment in favor of Plaintiffs, notwithstanding the jury's finding for Defendant. (ECF No. 158 at 1.) In addition, Plaintiffs move for a new trial under Federal Rule of Civil Procedure 59. (*Id.* at 1-2.) Finally, Plaintiffs move for remittitur and/or additur on damages, asking Defendant's award to be reduced and for the court to award damages to Plaintiffs. (*Id.* at 2-6.)

## II. LEGAL STANDARD AND ANALYSIS

### A. Judgment Notwithstanding the Verdict (JNOV)

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense." Fed. R. Civ. P. 50. Viewing the evidence in the light most favorable to the non-moving party, the court must decide if there is sufficient evidence in the record to support a jury verdict in favor of that party. *Herold v. Hajoca*

---

[1] Defendant has not yet elected its remedy as of the filing of this order. *See Save Charleston Found. v. Murray,* 333 S.E.2d 60, 64 (S.C. Ct. App. 1985) ("When an identical set of facts entitle the plaintiff to alternative remedies, he may plead and prove his entitlement to either or both; however, the plaintiff may not recover both.").

*Corp.,* 864 F.2d 317, 319 (4th Cir. 1988). "The court must not weigh the evidence or assess the credibility of witnesses." *Id.*

Plaintiffs argue only "there is no legally sufficient evidentiary basis for a jury to find for the Defendant." (ECF No. 158 at 1.) However, Plaintiffs fail to specify where the evidence is lacking to support a verdict favoring Defendant. When viewing the evidence in the light most favorable to Defendant, the court finds there was sufficient evidence for a reasonable jury to return verdicts in Defendant's favor. As such, the court denies Plaintiffs' motion for JNOV.

**B. New Trial**

A motion for a new trial under Fed. R. Civ. P. 59(a) may be granted "on all or some of the issues . . . to any party . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). This rule allows a trial court to set aside the verdict and order a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs. Inc. v. Crane Nat'l Vendors, Inc.,* 99 F.3d 587, 594 (4th Cir. 1996). This "federal" standard applies to a motion for new trial as to a verdict on a state law claim if the motion does not rest on the alleged excessiveness of the jury's verdict. *See Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 426-31 (1996); *Konkel v. Bob Evans Farms, Inc.,* 165 F.3d 275, 280-81 (4th Cir. 1999). In evaluating a motion for a new trial, the district court has the discretion to "weigh the evidence and consider the credibility of witnesses." *Knussman v. Maryland,* 272 F.3d 625, 647 (4th Cir. 2001); *Swentek v. USAIR, Inc.,* 830 F.2d 552, 559 (4th Cir. 1987). "The decision to grant or deny a new trial is within the sound

discretion of the district court." *Cline v. Wal-Mart Stores, Inc.,* 144 F.3d 294, 301 (4th Cir. 1998).

Plaintiffs put forth five grounds for the court to grant a new trial: (1) verdict against the weight of the evidence, (2) excessive or insufficient verdict, (3) newly discovered evidence, (4) verdict based on false testimony, and (5) damages against the weight of the evidence. (ECF No. 158 at 1-2.)

As an initial matter, Plaintiffs do not specify whose testimony they allege to be false, nor do they argue precisely what testimony they allege to be false. As such, the court does not have sufficient information to grant a new trial on this ground.

Grounds 1, 2, and 5 all relate to the weight of the evidence in regard to the jury's decision. Plaintiffs argue in their affidavit that the jury did not consider various pieces of evidence, including additional living expenses, photographs, loan amounts and receipts, and various types of damages done to Plaintiffs' home. (ECF No. 158-1 at 2-4.) The jury deliberated several hours, during which time the jurors had access to the photographs, spreadsheets, and other documents entered into evidence. Although Plaintiffs offered several witnesses, documents, and photographs, this does not necessarily mean the weight of the evidence tipped in their favor. "A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents." *In the Matter of: Bitstreams, Inc.,* SBA No. BDP-122 (July 2, 1999) (citing 4 L. Sand, et al., Modern Federal Jury Instructions ¶ 73.01 (1998) (Form Instruction 73-2)). Given the number of hours the jury spent deliberating, it is a reasonable conclusion to believe the jury considered all available evidence and simply determined the evidence favorable to Defendant to be the most persuasive. Plaintiffs offer no argument that convinces the court that

4

the jury's decision was against the "clear weight of the evidence" nor that a miscarriage of justice has resulted.

Finally, Plaintiffs put forth new evidence in the form of letters from Brad Lloyd at FRSTeam Fabric Restoration Service Team and corresponding invoices for services. (ECF No. 158-1 at 7-21.)

Granting relief on the basis of newly discovered evidence requires the moving party to show: "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States,* 884 F.2d 767, 771 (4th Cir. 1989).

These documents were not presented at trial, and thus could be considered newly discovered. However, Plaintiffs offer no explanation for why they could not have discovered these documents prior to trial. The letters are dated 2011, and Plaintiffs were able to produce them three days after the jury reached a verdict. With no explanation from Plaintiffs, the court cannot find a reason why due diligence would not have unearthed these documents in time for trial. In addition, the subject of the clothing and textile cleaning and restoration was addressed in the testimony of multiple witnesses, including Brad Lloyd himself. The court finds these letters and invoices are cumulative, and do not provide any evidence of material matters such that the outcome of the trial would have been different had they been offered into evidence.

Therefore, the court denies Plaintiffs' motion for a new trial.

**C. Remittitur and Additur**

"At the outset, we note that a remittitur, used in connection with Federal Rule of Civil Procedure 59(a), is the established method by which a trial judge can review a jury award for excessiveness." *Atlas Food Sys. & Servs., Inc.,* 99 F.3d at 593. If a court finds an award of damages is excessive, "it is the court's duty to require a remittitur or order a new trial." *Id.* The court must "determine whether the jury's verdict is within the confines set by state law, and [must] determine, by reference to federal standards developed under Rule 59, whether a new trial or remittitur should be ordered." *Id.* (internal quotes and citation omitted).

Plaintiffs argue the award of $7,150 to Defendant on the breach of contract accompanied by fraud counterclaim "was excessive and an injustice," arguing the language of the insurance policy regarding Loss of Use and Plaintiffs' written communications with insurance adjuster Randy Eichhorn are grounds to reevaluate the verdict and award. (ECF No. 158-1 at 2.) However, as Plaintiffs' counsel argued at trial, the language of the Loss of Use provision of the policy and its requirements for the use of funds was a matter of interpretation for the jury to resolve. The court is not convinced that the jury's decision to interpret the contract as Defendant argued it should be is against the weight of the evidence nor that this interpretation resulted in a miscarriage of justice.

Plaintiffs further argue that Defendants "never produced any evidence proving Mrs. [Louise] Mack's testimony was false" when she stated Plaintiffs may have paid her more than the recorded $450 for providing them with accommodations. (*Id.*) However, with the only record of payment showing a total of $450, and evidence further showing payments from Defendant to Plaintiffs of $7,600, an award of $7,150 is not "against the *clear* weight of the evidence" (emphasis added).

Therefore, Plaintiffs' motion for remittitur is denied.

When the amount of damages is disputed, the Seventh Amendment prohibits the use of additur to increase the damage award. *Storms v. Goodyear Tire & Rubber Co.,* 775 F. Supp. 862, 868 (D.S.C. 1991) (citing *Dimick v. Schiedt*, 293 U.S. 474, 495 (1935)). "Inviting rethinking of the additur question on a later day, Justice Stone, joined by Chief Justice Hughes and Justices Brandeis and Cardozo, found nothing in the history or language of the Seventh Amendment forcing the 'incongruous position' that 'a federal trial court may deny a motion for a new trial where the plaintiff consents to decrease the judgment to a proper amount,' but may *not* condition denial of the motion on 'the defendant's consent to a comparable increase in the recovery.'" *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 433 n.16 (1996) (citing *Dimick*, 293 U.S. 474) (emphasis added).

Therefore, even if the jury had found for Plaintiffs, adding to their damage award—or awarding damages when none were given—is not permitted, and Plaintiffs' motion for additur is denied.

### III. CONCLUSION

Based on the aforementioned reasons, it is therefore ordered that Plaintiffs' Post-Trial Motion for JNOV, Remittar, and/or Additur to the Jury Verdict (ECF No. 158) is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 5, 2015
Columbia, South Carolina